**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NANCY F. KING, o/b/o S.K.,**

        **Plaintiff,**

**-vs-**                                                           **Case No. 6:07-cv-537-Orl-22DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

**ORDER**

This cause comes before the Court for consideration of the Magistrate Judge's Report & Recommendation (Doc. No. 19) ("R&R") in this Social Security appeal. Therein, the Magistrate Judge recommended that the Commissioner's benefit denial decision be reversed and that the case be remanded to a different Administrative Law Judge ("ALJ"). Plaintiff has no objections to the R&R. Doc. No. 21 p. 2. The Commissioner objected to the R&R, on the grounds that the ALJ's actions were not arbitrary, capricious, or the product of bias, and that the Commissioner should decide whether or not to appoint a different ALJ if the case is remanded. Doc. No. 20 pp. 2-3. After carefully considering the R&R, the Commissioner's objections, and Plaintiff's response to those objections, the Court MODIFIES and ADOPTS the R&R.

Plaintiff Nancy King, on behalf of her daughter, S.K. ("Claimant"), also requested oral argument. Doc. No. 17 p. 1. The Magistrate Judge deferred consideration of that request. Doc. No. 19 p. 1. The Court holds that the record and parties' submissions are sufficient to permit a decision without oral argument.

**I. Standard of Review**

As outlined in the R&R, a reviewing district court determines whether the ALJ applied the correct legal standards and whether her findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Where substantial evidence supports the ALJ's conclusions, the Court will not substitute its own judgment as to the facts. *McDaniel v. Bowen,* 800 F.2d 1026, 1029 (11th Cir. 1986) (citations omitted). Substantial evidence is more than a scintilla but less than a preponderance. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citations omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).

Social Security Commission proceedings must meet the due process requirements of the Fifth Amendment. *Richardson v. Belcher*, 404 U.S. 78, 81 (1971). The district court will assess whether a claimant was afforded a full and fair hearing and may remand the case to the Commissioner with instructions to afford the claimant fair treatment. *See, e.g., Miles,* 84 F.3d at 1400; *Grant v. Shalala*, 989 F.2d 1332, 1346 (3d Cir. 1993); *Pearce v. Sullivan*, 871 F.2d 61, 63-64 (7th Cir. 1989). The due process requirement should be applied even more strictly in administrative proceedings than in judicial proceedings, because of the lack of procedural safeguards and the unique role of the ALJ. *Hummel v. Heckler*, 736 F.2d 91, 93 (3d Cir. 1984) (citing *N.L.R.B. v. Phelps*, 136 F.2d 562, 563-64 (5th Cir. 1943)).

Regulations provide that a Social Security claimant should seek the disqualification of an ALJ at the earliest opportunity. 20 C.F.R. §§ 404.940, 416.1440. If the ALJ refuses to step aside, the claimant can seek an administrative appeal and subsequently obtain judicial review. *Grant*, 989 F.2d at 1346. A claimant pursues review of the findings of the Appeals Council in the district court under 42 U.S.C. § 405(g). *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995).

A claimant is entitled to have the evidence evaluated by an unbiased adjudicator, even if the Commissioner's decision is supported by substantial evidence in the record.  Accordingly, the Court will first address the Commissioner's objections to the R&R's analysis of whether the ALJ was biased and thus did not provide a fair hearing.  *Ventura*, 55 F.3d at 901-02.  If the Court finds that the proceedings were adequate and the ALJ was not biased, the Court will then assess whether the R&R is correct that the Commissioner's decision was not based on substantial evidence.  *Id*.

## II. Nature of Plaintiff's Complaint

Defendant points out that Plaintiff clearly stated that the "medical records are not relevant because substantial evidence is not an issue." Doc. No. 20 p. 2. n. 1 (citing Doc. No. 16 p. 2).  However, Plaintiff's Complaint alleges that the ALJ was biased against Plaintiff's counsel and therefore should have recused herself.  Doc. No. 1 pp. 5-6.  Plaintiff argues that the ALJ's decision was based on her alleged bias, rather than the evidence.  Thus, the Court does not credit Plaintiff's statement that substantial evidence is not at issue and will analyze whether the ALJ's decision is supported by substantial evidence.  The Magistrate Judge also looked beyond Plaintiff's focus on recusal and analyzed whether the ALJ's decision had the requisite support.

The Commissioner is essentially correct that "neither party briefed the issue of substantial evidence[,]" based on Plaintiff's failure to raise that claim in the appeal.  Doc. No. 20 p. 2. n. 1.  However, 42 U.S.C. § 401(g) permits this Court to review Social Security benefit determinations.  The Court construes Claimant's position as seeking reversal of the denial of benefits on the grounds that the ALJ was biased and therefore did not base her decision on substantial evidence.  The Court's analysis of whether the denial is based on substantial evidence will best serve the ends of justice and will not prejudice the Commissioner.

### III. The Commissioner's Objections to the R&R

**A. The ALJ's Actions Do Not Appear To Have Been Arbitrary, Capricious, or Based on Bias**

The Commissioner objects to the R&R on the basis that the Appeals Council gave appropriate consideration to Plaintiff's allegations of unfairness and found no evidence of bias on the part of the ALJ. Doc. No. 20 p. 8. The Appeals Council reviewed the transcript and the record and found no evidence of bias. Administrative Record ("AR") 5. The Magistrate Judge also conducted his own examination of the record and found only one potential instance of arbitrary and capricious behavior that would indicate bias. Doc. No. 19 p. 9. The Magistrate Judge held that the ALJ acted arbitrarily and capriciously in refusing to extend a deadline. *Id.* at 9-10.

At the hearing before the ALJ, Plaintiff's counsel told the ALJ that he had not received recent reports from Claimant's doctor and requested that the ALJ leave the record open for 30 days so that he could include these reports. AR 381. The ALJ agreed to leave the record open for 10 days, rather than 30 days.[1] The Magistrate Judge found this to be the "epitome of arbitrariness." Doc. No. 19 p. 10. However, this procedural decision was well within the ALJ's discretion to control the proceedings. "Impatience is not prejudice." *Pearce*, 871 F.2d at 63. "Prejudice such as will disqualify a judicial officer (whether judge or hearing examiner) refers to prejudgment based on information obtained outside the courtroom, rather than to rulings, even if hasty or errant, formed on the basis of record evidence and other admissible materials and considerations." *Id.* (citations omitted). Thus, the Court respectfully

---

[1]The Commissioner also argues that the documents at issue were actually submitted 20 days after the hearing (thus beyond the 10-day deadline), yet the ALJ allowed these documents into the record. Doc. No. 20 p. 7. That the documents were ultimately included in the record moots the issue of whether it was arbitrary and capricious of the ALJ to leave the record open for 10 days rather than 30.

disagrees with the Magistrate Judge's conclusion that the ALJ's refusal to allow Plaintiff's counsel 30 days to submit documents was arbitrary and capricious. *See* Doc. No. 19 p. 10. The Commissioner's objection to the R&R on this basis is sustained. The Court therefore modifies the R&R to the extent that it deemed the ALJ's decision to keep the record open for 10 days arbitrary and capricious.

**B. The Magistrate Judge Did Not Err in Considering All of Plaintiff's Counsel's Allegations**

While the Magistrate Judge acknowledged in the R&R that his jurisdiction is limited to this particular case (Doc. No. 19 p. 5), the Commissioner argues that the Magistrate Judge erred in considering Plaintiff's attorney's allegations of bias by the same ALJ in other cases. Doc. No. 20 p. 5. However, the Court is permitted to consider allegations of bias by the ALJ against the same attorney in other cases, because the allegations are relevant to show what actions of the ALJ should be scrutinized for bias in this case. *See United States v. Patti,* 337 F.3d 1317, 1321 (11th Cir. 2003) (under analogous recusal provision for federal judges, the Court must determine whether a "lay observer *fully informed of the facts underlying the grounds* on which the recusal was sought would entertain a significant doubt about the judge's impartiality") (citations omitted and emphasis added); *see also Allenstein v. Barnhart*, 419 F. Supp. 2d 1336, 1337 (N.D. Ala. 2006) ("The court has reviewed a large number of decisions rendered by [the ALJ] and has often criticized the unfairness exhibited in his decisions.")[2] Rather than showing a propensity for bias, the allegations of bias in other cases provide the only means for Plaintiff's attorney to explain why he believes the ALJ should have recused herself from this case. *See Patti,* 337 F.3d at 1321-22; *see also Gilbert v. City of Little Rock*, 722 F.2d 1390, 1399 (8th Cir. 1983) ("A judge

---

[2]In *Allenstein,* 419 F. Supp. 2d at 1337, the Court ultimately decided that the allegation that the ALJ was generally biased was not relevant because no bias could be found against the claimant at issue.

is to take into consideration all circumstances both public and private and determine if a reasonable, uninvolved observer would question the judge's impartiality.") (citations omitted).  Thus, the Commissioner's objection on the basis that the Magistrate Judge considered allegations outside this case is overruled.

Though the other allegations of bias are relevant, this Court's review of the record and parties' submissions does not indicate bias by the ALJ against Claimant in this case.  The Magistrate Judge also conducted a full review of the record and found only one potential instance of bias, and this Court respectfully disagrees with the Magistrate Judge's assessment of that instance.  *See* Doc. No. 19 pp. 9-10.  However, the Court does agree with the Magistrate Judge that the case should be reversed and remanded, because the ALJ's decision was not supported by substantial evidence.  *Id.* at 11-15.

**C. Substantial Evidence Does Not Support the ALJ's Decision**

Claimant is bipolar and suffers from attention-deficit hyperactivity disorder and post-traumatic stress disorder, which even the ALJ admitted cause her "more than minimal functional limitations."  AR 21, 218.  Claimant takes Seroquel, Depakote, and Ritalin every day for these conditions.  AR 276.  Substantial evidence does not support the finding that Claimant's condition has improved such that she is no longer disabled.  AR 20-21.

### 1. The ALJ Discounted Nurse Practitioner Sevlie's Report

Generally, substantial weight is given to the opinion, diagnosis, and medical evidence of a treating physician or "treating source" unless there is good cause to do otherwise. *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d)(2). The Magistrate Judge pointed out that the ALJ found that Nurse Practitioner Carol Sevlie's report was "somewhat exaggerated and inconsistent with . . . Dr. Qadir's report" (AR 20), but that what the ALJ describes as Dr. Qadir's report is also Nurse Practitioner Sevlie's report, since she is the "dictating provider" who interviewed the patient and dictated the treatment notes. Doc. No. 19 p. 12. Thus, the ALJ's conclusion that Nurse Practitioner Sevlie's report was inconsistent with Dr. Qadir's gives the inaccurate impression that the opinions of these treating sources were widely different.

### 2. The ALJ Appears to Have Selectively Relied on Positive Reports

While some of the follow-up notes from Dr. Qadir at Tri-County Psychiatric Associates indicate that Claimant was doing better in 2005 and 2006 (AR 273, 275, 277-78), reports from that time also show setbacks. *See* AR 270, 271, 274 (describing Claimant's "grades falling," "not focusing," "having trouble paying attention[,] and getting very angry"). Some of the positive reports indicate that Claimant looked forward to summer vacation, planned to join the Boys and Girls' Club, and was focusing better in school (AR 267, 269, 272), but thereafter, Claimant failed her classes in school and was kicked out of the Boys and Girls' Club for stabbing and threatening a fellow student. AR 382, 391, 393-94.

In contrast to reports of progress, Nurse Practitioner Sevlie reported that Claimant has an extreme limitation in "attending and completing tasks" and "interaction and relating to others," due to her aggression. AR 279-80. Nurse Practitioner Sevlie's report also states that Claimant has marked limitations in "acquiring and using information" and "caring for herself." AR 280. The testimony of

Claimant and her mother bolster this assessment (AR 383-403), and, as the Magistrate Judge noted, the ALJ did not credit their testimony. Doc. No. 19 p. 15.

The ALJ also relied on the fact that Claimant was "noncompliant" with her medications to support denying her benefits. AR 20. The Magistrate Judge pointed out that with attention deficit disorder and borderline intellectual functioning, failure to take medication should be expected. Doc. No. 19 p. 15. Regulations provide that if a claimant does not follow the prescribed treatment without a good reason, benefits will stop. 20 C.F.R. § 416.930. However, the ALJ did not deny benefits based on failure to follow prescribed treatment but rather on the fact that Claimant's condition had improved. AR 14, 20-21. Moreover, that Claimant fails to consistently take her medication may be a product of her disability rather than an indication of unwillingness to cooperate that would support denying benefits. AR 402-03.

### 3. The ALJ Discounted the Fact that Claimant Failed Eighth Grade

Though the ALJ found that Claimant is no longer disabled, is enrolled in "regular" classes (AR 14), and "reported no major problems in school" (AR 12), Claimant was made to repeat the eighth grade. AR 382-83. During the most recent school year, Claimant received three Fs and a C in her classes. AR 391. Every day, Claimant gets headaches that prevent her from doing her work. *Id.* Claimant's teacher and the school nurse frequently call Claimant's mother because Claimant "comes in there with headaches and drowsiness and wants to sleep all the time in class." AR 402. Claimant cannot even focus her attention for the entirety of her favorite television show. AR 400. She was kicked out of the Boys and Girls' Club for stabbing a boy with a pen and threatening to punch him. AR 393-94. She often threatens to punch and pull knives on her brother. AR 399. Based on the reports of Nurse Practitioner

Sevlie and Dr. Qadir and these negative assessments, the Court concludes that the Commissioner's decision is not supported by substantial evidence.

**D. The Court May Order the Commissioner to Assign This Case to a Different ALJ**

The Commissioner also objects to the R&R on the basis that the Court should allow the Commissioner to decide if a new ALJ should be assigned on remand, citing *Travis v. Sullivan*, 985 F.2d 919, 924 (7th Cir. 1993). Doc. No. 20 p. 2. *Travis*, in turn, cited regulations, including the provision governing "Disqualification of the Administrative Law Judge," which state that the Appeals Council or the Associate Commissioner for Hearings and Appeals may appoint a new ALJ if an ALJ improperly declines to recuse herself. 20 C.F.R. § 404.940.

However, the Seventh Circuit in *Travis* was addressing a "sentence six" remand under 42 U.S.C. § 405(g), where remand is ordered so that the ALJ may take additional material evidence. The appeal here, however, comes under "sentence four" of 42 U.S.C. § 405(g). Sentence four states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* Other courts have held that remand to a different ALJ may be an appropriate remedy, even without an express finding of bias. *See Hartnett v. Apfel*, 21 F. Supp. 2d 217, 222-23 (E.D.N.Y. 1998) (Court ordered remand to a different ALJ without expressly finding bias, because of the ALJ's "troubling measure of insensitivity," and because the ALJ mischaracterized and misunderstood evidence.); *Ortiz v. Chater*, No. 95cv3126ERK, 1997 WL 50217, at * 3 n. 1 (E.D.N.Y. Jan. 30, 1997) (district judge ordered the case reassigned to a different ALJ, even though the judge did not apprehend bias in the earlier decisions); *Miles*, 84 F.3d at 1401 (Eleventh Circuit ordered remand to a different ALJ because improper statements implying that a particular doctor always found a

disability "compromised" the process).  In *Apfel*, the district court remanded the case for transfer to different ALJ, despite recognizing that the decision is generally for the Commissioner to make. *Apfel*, 21 F. Supp. 2d at 222-23. The *Apfel* Court stated that there are "certain circumstances" where "Courts have not hesitated to order the Commissioner to transfer a case to a different ALJ on remand." *Id.* at 222.[3]

The Court has the power to affirm, modify, or reverse the Commissioner's decision and to remand the case to a different ALJ.  42 U.S.C. § 405(g)*; see also Grant*, 989 F.2d at 1346; *Pearce,* 871 F.2d at 63-64; *Miles,* 84 F.3d at 1401.  Assigning this case to a new ALJ will prevent Plaintiff from raising allegations of bias by this same ALJ in any future appeal in this case.  The Court holds that remand to a different ALJ is within the power of the Court and is an appropriate remedy here.  Thus, the Commissioner's objection to the Magistrate Judge's recommendation that a new ALJ be appointed on remand is overruled.

**E.  Plaintiff's Response to the Commissioner's Objections Seeks a Remedy the Court Cannot Provide**

Plaintiff argues that it is now necessary for the Appeals Council to conduct a thorough and proper investigation into the alleged unfair treatment Plaintiff received from the ALJ. Doc. No. 21 p. 1.  Section 405(g) provides for affirming, modifying, or reversing the decision of the Commissioner but does not permit the Court to order an investigation within the Social Security Administration.  Furthermore, the Appeals Council already conducted an investigation and found "no evidence that the hearing was unfair or that the [ALJ] decided [the] case on a basis other than her evaluation of the issues and the evidence

---

[3]Ultimately, the Commissioner in *Apfel*, 21 F. Supp. 2d at 223, agreed to assign the case to a different ALJ on remand.

-10-

of record." AR 5. As the Magistrate Judge pointed out, the Court only has jurisdiction to review Plaintiff's case under the statute, not to launch an investigation within the Social Security Administration.

### IV. Conclusion

Based on the foregoing, it is ORDERED as follows:

1. The Report & Recommendation (Doc. No. 19), issued by United States Magistrate Judge David A. Baker on July 7, 2008, is MODIFIED, as described herein, and ADOPTED.

2. The Commissioner's Objection that the ALJ's imposition of a 10-day deadline was not arbitrary and capricious (Doc. No. 20 pp. 6-7) is SUSTAINED. The Commissioner's remaining Objections are OVERRULED. *See* Doc. No. 20.

3. The Clerk shall enter a FINAL JUDGMENT providing that the decision of the Commissioner is REVERSED and that the case is REMANDED and shall be adjudicated by a different Administrative Law Judge.

5. The Clerk is directed to CLOSE the file.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 28, 2008.

Copies furnished to:
Counsel of Record
Magistrate Judge

ANNE C. CONWAY
United States District Judge