# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NANCY F. KING, o/b/o Shirley S. King,**

       **Plaintiff,**

-vs-                                                   Case No. 6:07-cv-537-Orl-22DAB

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 24)**
>
> **FILED:** September 12, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff's Petition for an award of fees follows the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. Nos. 22 and 23). Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present

which would make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The Commissioner does not oppose an award of fees.

Plaintiff's Motion seeks an award of attorney's fees in the amount of $5,209.88, calculated at the rate of $166.45 per hour ($125.00 adjusted for cost of living increase of 33.82% (Consumer Price Index)) for 25 hours of work expended in 2007 and for 6.3 hours of work expended in 2008. *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorneys fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate).  Doc. No. 24-2.  Upon review of the supporting papers filed by Plaintiff and no objection having been filed by the Commissioner, the Court finds that these sums are reasonable and an award is appropriate under the EAJA.

It is therefore respectfully **RECOMMENDED** that the motion be **GRANTED** and judgment be entered in the amount of **$5,209.88** for attorney's fees.  Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 17, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy